UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERNESTO MARTIN SILVA CELI,

                     Plaintiff,

-against-

ALEJANDRO MAYORKAS, USCIS DIRECTOR UR M. JADDOU, DANIEL RENAUD, CHIEF ADMINISTRATIVE SUSAN DIBBINS, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

                     Defendants.

**MEMORANDUM AND ORDER**
22-cv-07488 (LDH)

---

Ernesto Martin Silva Celi ("Plaintiff") brings the instant action against the United States Citizenship and Immigration Services ("USCIS"), Secretary of Homeland Security Alejandro Mayorkas, USCIS Director Ur M. Jaddou, Director of USCIS's Vermont Service Center Daniel Renaud, and Chief of USCIS's Administrative Appeals Office Susan Dibbins (collectively, "Defendants"). Plaintiff challenges Defendants' denial of his application for lawful permanent status. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND[1]

Plaintiff is Peruvian citizen who has lived in the United States since 1997. (Compl. ¶¶ 9, 23, ECF No. 1.) On February 19, 2013, Plaintiff filed for a Form I-918, petition for U-Visa classification ("U-Visa"), after Plaintiff reported to police that his minor daughter had been the victim of sexual abuse and assisted with the investigation. (*Id.* ¶ 23.) The U-Visa covers eligible

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

1

noncitizens who are victims of serious crime and who cooperate with law enforcement. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(a)(2)(B), 114 Stat. 1464, 1513(b) (2000) (amending the Immigration and Nationality Act ("INA") and creating the U-Visa as codified at 8 U.S.C. § 1101(a)(15)(U)). Established in 2000, this classification provides a set of immigration protections and privileges (including work authorization) for noncitizens who are both eligible for and granted U-Visas by USCIS. *See* 8 U.S.C. § 1101(a)(15)(U) (providing statutory eligibility criteria); 8 U.S.C. § 1184(p)(2)(A) (providing petitioning procedures, agency duties and authority, and a statutory cap of 10,000 U-Visas per year). USCIS approved Plaintiff's U-Visa immigration status on October 1, 2014. (Compl. ¶ 9.)

On April 25, 2017, Plaintiff was arrested in Queens, New York, and "charged with acting in a manner injuring a child, assault with intent to cause physical harm and harassment with physical contact." (*Id*. ¶ 24.) Those charges were later dismissed, and the record was sealed by court order. (*Id.*) In February 2018, Plaintiff filed a form I-485 application ("I-485 Application") for an adjustment of his status, disclosing that he was arrested on April 25, 2017, and that he was convicted for driving while impaired or intoxicated on three occasions. (*Id.* ¶ 1, 23 n.1, 25.) On May 15, 2019, USCIS requested additional evidence from Plaintiff related to the 2017 arrest. (*Id.* ¶ 26.) Specifically, USCIS sought "copies of the underlying police reports, court charging documents and final dispositions, evidence that Plaintiff has completed any imposed sentencing, as well as a statement in Plaintiff's own words describing the circumstances and behavior that resulted in the arrest." (*Id.*) USCIS also informed Plaintiff that it would consider: "family ties within the United States, residence of long duration in the country . . . service in the U.S. armed forces, a history of employment, existence of business or property ties,

evidence of value and service to the community, [and] proof of rehabilitation if a criminal record exists." (*Id.*)

Plaintiff responded to USCIS on or around July 12, 2019, explaining that the arrest record was sealed and thus "a legal nullity." (*Id.* ¶ 27.) Nonetheless, Plaintiff provided a sworn statement detailing the events of his arrest. (*Id.*) After taking Plaintiff's statement into consideration, USCIS maintained that it was "unable to determine the factual events that coincided with [Plaintiff's] statements regarding the arrest" and noted that "New York state laws make sealed records available to the person accused or the person's representative." (*Id.* ¶ 29.) Sometime around November 21, 2019, Plaintiff provided USCIS a notarized statement indicating that the Queens Country Criminal Court denied him access to the sealed 2017 arrest report, and instead, Plaintiff offered letters from the complainant and a witness to the events that precipitated the arrest confirming that the incident was nothing more than a familial verbal dispute. (*Id.* ¶ 30.)

By letter dated February 28, 2020, USCIS explained to Plaintiff that, without the arrest report, it was "unable to determine whether [Plaintiff is] a threat to public safety and the well-being of others." (*Id.* ¶ 31.) That said, USCIS also considered other factors, such as the fact that "Plaintiff was the victim of a crime and was helpful to law enforcement," that "Plaintiff works full-time and pays taxes," that "Plaintiff has strong family ties in the United States," and "country conditions in Peru which would negatively impact Plaintiff's life if he were removed there from the United States." (*Id.*) On balance, however, USCIS found that the mitigating factors did not overcome the negative factors, especially given that it did not have a police report to corroborate Plaintiff's account of the 2017 arrest. (*Id.* ¶ 32.) Plaintiff's I-485 Application was therefore denied. Plaintiff filed this action on December 9, 2022, after an unsuccessful appeal

3

and motion for reconsideration. (*Id.* ¶¶ 35–40). In his complaint, Plaintiff argues that USCIS's decision was arbitrary, capricious, and an abuse of discretion in violation of the Administrative Procedure Act, (*id.* ¶¶ 41–51), and a violation of his due process rights, (*id.* ¶¶ 52–60).

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Petitioner bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to Petitioner[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Defendants argue that the complaint should be dismissed pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), which deprives the Court of jurisdiction over the discretionary relief found under 8 U.S.C. § 1255. (Mem. L. Supp. Defs.' Mot. Dis. Compl. ("Defs.' Mem.") at 13–18, ECF No. 17.) The Court agrees.

Through the INA, as codified at 18 U.S.C. § 1101, *et seq.*, Congress has devised broad rules that allow noncitizens to live in the United States. Among other things, the INA grants the Attorney General the discretion to alter the immigration status of noncitizens who have

immigrated to the United States. *See* 8 U.S.C. §§ 1255–58. Of particular relevance here, the Attorney General's authorization to approve I-485 Applications is within the INA's grant of discretion. *See* 8 U.S.C. § 1255. However, through Section 1252 of the INA, Congress has placed many of those discretionary actions beyond the scope of judicial review. 8 U.S.C. § 1252. That provision provides:

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title. . . .

8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added).

It has long been held that among those matters outside the reach of judicial review are claims challenging discretionary decisions that arise in the context of removal proceedings. *See Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(B)(i)) (observing in an appeal from removal proceedings that "[f]ederal courts lack jurisdiction to review a discretionary denial of adjustment of status"). But, the question raised by this dispute is whether § 1252 strips the Court of jurisdiction to consider Plaintiff's challenge to USCIS's denial of his I-485 application, which was made outside of the removal context. This issue has not been addressed by the Second Circuit. *See Rahman v. Mayorkas*, No. 22-904-CV, 2023 WL 2397027, at *1 n.2 (2d Cir. 2023) ("[T]here is an open question as to whether we have jurisdiction to review any aspect of a USCIS decision denying discretionary relief, such as a status adjustment, outside of a removal proceeding. We decline to address this open question today[.]" (internal citation omitted).

In the absence of specific guidance from the Second Circuit, the Court first turns to the language of the statute. Although § 1252's language generally addresses judicial review

5

regarding "final orders of removal," it also states that its jurisdictional bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). The statute makes clear, therefore, that its jurisdictional limitations also apply to review of USCIS decisions made outside of the removal context. *See Maldonado v. Holder*, No. 13-CV-492, 2015 WL 1097364, at *4 (D. Conn. Mar. 11, 2015) (observing that the REAL ID Act of 2005 amended the language of § 1252 to include the phrase "[R]egardless of whether the judgment, decision, or action is made in removal proceedings," which was "evidently a response to cases that had determined that § 1252(a)(2)(B)(ii) only applied to decisions made in the context of removal proceedings") (internal citation omitted). The fact that Plaintiff's claims do not arise from removal proceedings does not render § 1252 inapplicable in this case.

Indeed, this Court has implicitly made this same finding in a case recently before it. *See Hui Fen Zhu v. McAleenan*, 501 F. Supp. 3d 139 (E.D.N.Y. 2020). In *Hui Fen Zhu v. McAleenan*, the petitioner filed an I-485 application for legal permanent residency after gaining asylum in the United States. *Id.* at 140. In her application, the petitioner omitted a previous arrest in China for practicing Falun Gong. *Id.* Due to this omission, USCIS denied her application despite her clean criminal record in the United States and community ties. *Id.* In a subsequent lawsuit against USCIS and the Secretary of the Department of Homeland Security, the Court held that USCIS's determination was discretionary and, therefore, the Court lacked jurisdiction pursuant to § 1252(a)(2)(B)(i). *Id.* at 141. Because the Court did not expressly confront an argument in *Hui Fen Zhu* that § 1252's jurisdictional bar applies only in the removal context, Plaintiff argues that it is inapposite. However, this argument does nothing to undermine the Court's plain reading of the statute.

6

Moreover, the Court's conclusion here is supported by the Supreme Court's interpretation of § 1252 in *Patel v. Garland*, 596 U.S. 328 (2022).  There, a petitioner who had unlawfully entered the United States challenged an order of removal that was premised on a factual finding by an immigrating judge that the petitioner misrepresented his citizenship status on a driver's license application.  *Id.* at 334–35.  The petitioner argued in the removal proceedings that he, despite being removable, was nonetheless eligible for a discretionary adjustment of his status because the misrepresentation was "an honest mistake."  *Id.*  The immigration judge disagreed, finding his testimony uncredible.  *Id.*  When the petitioner asked the Eleventh Circuit to review that determination, it held that it lacked jurisdiction under § 1252(a)(2)(B)(i).  *Id.* at 336.  The Supreme Court affirmed, holding that such factual determinations are not reviewable because they are decisions "relating to the granting or denying of discretionary relief," which fall within § 1252(a)(2)(B)(i)'s prohibition on judicial review.  *Id.* at 339.  The Court further acknowledged that, because the petitioner's case arose from removal proceedings, it expressly did not consider whether courts lack jurisdiction to review discretionary determinations outside the removal context.  *Id.* at 345.  In dicta, however, the Court suggested that Congress may have "intend[ed] to close that door" on such review through § 1252(a)(2)(B), and thus "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief."  *Id.* at 345–46.

Numerous decisions postdating *Patel* have also held that courts lack jurisdiction to review USCIS's denials of § 1255 applications for adjustment of status, outside of the removal context.  *See, e.g.*, *Morina v. Mayorkas*, 22-cv-02994, 2023 WL 22617, at *9 (S.D.N.Y. Jan. 3, 2023) (holding "that *Patel*'s holding applies regardless of whether removal proceedings have been commenced"); *Ru Zhang Xu v. USCIS*, No. 19-cv-608, 2019 WL 1473089, at *2 (E.D.N.Y.

7

Apr. 3, 2019) (Cogan J.) (holding that the jurisdictional bar found in § 1252(a)(2)(B) "applies regardless of whether the decision at issue is made in removal proceedings"); *Rabinovych v. Mayorkas*, 624 F. Supp. 3d 19, 25–26 (D. Mass. 2022) (same) (collecting cases). As such, the Court reiterates its previous determination and joins the growing body of post-*Patel* case law holding that it lacks jurisdiction to hear Plaintiff's claim because it challenges a "judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i).

Plaintiff's arguments to the contrary cannot overcome the consensus among these courts. *First*, Plaintiff contends that the Court retains jurisdiction when an agency commits legal error, for "[w]hen [an agency] acts where it has no legal authority to do so, it does not make a discretionary decision." (Mem. L. Opp. Defs.' Mot. Dis. Compl. ("Pl.'s Opp'n") at 13–14, ECF No. 18.) For support, Plaintiff relies on *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021). But, in *Zamorano*, the Ninth Circuit retained jurisdiction to review the agency decision because "the [immigration judge] did not consider any positive factors weighing in support of voluntary departure, such as [the petitioner's] arrival in the United States at a young age and his long-term residency without departure." *Id.* at 1222. Plaintiff's complaint, by contrast, concedes that USCIS considered positive factors, such as the fact that "Plaintiff was the victim of a crime and was helpful to law enforcement," that "Plaintiff works full-time and pays taxes," that "Plaintiff has strong family ties in the United States," and that the "country conditions in Peru [] would negatively impact Plaintiff's life if he were removed there from the United States." (Compl. ¶ 31.) And, Plaintiff readily admits that "USCIS found that the mitigating factors do not outweigh the negative equities in his case." (*Id.* ¶ 32.) Although Plaintiff argues that USCIS's denial was legally infirm, his challenge instead asks the Court to review USCIS's choice to weigh some factors more than others. That is a discretionary determination outside of the

8

Court's subject matter jurisdiction. *See Saloum v. United States Citizenship & Immig. Servs.*, 437 F.3d 238, 243–44 (2d Cir. 2006) (rejecting petitioner's effort to transform into a reviewable claim an argument that "the [immigration judge] incorrectly weighed the evidence" and that the agency therefore abused its discretion, a claim "over which we have no jurisdiction") (internal citations and quotation marks omitted); *Xiao Ji Chen v. United States Dept. of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (observing that a court lacks jurisdiction "to review decision under the INA when petition for review essentially disputes the correctness of an [immigration judge's] fact-finding or the wisdom of his [or her] exercise of discretion and raises neither a constitutional claim nor a question of law").

*Second*, Plaintiff argues that "[t]he limitation to judicial review found in § 1252(a)(2)(B) must be read narrowly to avoid serious constitutional problems." (Pl.'s Opp'n at 6.) Indeed, "the jurisdictional bar [does] not apply to petitions raising constitutional claims or questions of law." *Hui Fen Zhu*, 501 F. Supp. 3d at 141. Section 1252 provides that nothing in its jurisdictional bar "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Because this Court is not a court of appeals, Section 1252(a)(2)(D) does not confer jurisdiction to review the decision from the immigration judge. *See Hui Fen Zhu*, 501 F. Supp. 3d at 142 ("This Court, of course, is not a court of appeals, but a district court. Therefore, even if Petitioner had persuaded this Court that her appeal presents constitutional claims or mixed questions of law as she urges, it has no jurisdiction over her claims.").

9

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is GRANTED.

                                        SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
      March 29, 2024                  LaSHANN DeARCY HALL
                                       United States District Judge